IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL ARIOLFO CHUCHUCA-CABRERA,

    Petitioner,

v.                                                                                                               No. 26-cv-0449-MIS-DLM

WARDEN CASTRO, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

    Respondents.

## ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Manuel Ariolfo Chuchuca-Cabrera's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF Nos. 1 and 3 (collectively "Petition"). Also before the Court is Petitioner's Emergency Motion for Temporary Restraining Order ("TRO Motion"). ECF No. 2. Petitioner is detained at the Otero County Processing Center ("OCPC") and is proceeding *pro se*. He entered the United States in 1998 and has lived here since that time. ECF No. 3 at 3. In 2012, he was detained by Immigration and Customs Enforcement ("ICE") and released on bond. *Id.* Petitioner was re-detained on August 28, 2025. *Id.* at 3-4. He has not received a bond hearing and seeks such a hearing or, alternatively, an immediate release from custody. *Id.* In his TRO Motion, Petitioner asks the Court to prohibit Respondents from removing, transferring, or deporting him while his Petition is pending. ECF No. 2.

Having reviewed the record, the Petition raises a colorable claim for relief. The Court also finds the TRO Motion should be granted to the extent Petitioner requests an order enjoining the

Government from transferring him from the District of New Mexico while these proceedings are pending.  To the extent the TRO Motion seeks the same relief as the Petition – but on an emergency basis – such request is denied.  Petitioner has not demonstrated his claims are more urgent than other petitioners, and in any event, this Court already addresses immigration petitions as soon as possible.

The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF on February 18, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241.  Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).   ECF No. 5.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted.  Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here.  *See Lopez-Romero v. Lyons*, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); *Singh v. Noem*, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); *Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), *report and recommendation adopted* No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); *see also* Order Granting Petition for Writ of Habeas Corpus, *Zhao v. Castro*, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).

In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2).  *See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*,

161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); *Barco Mercado v. Francis*, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order (**ECF No. 2**) is **GRANTED, in part,** as set forth above; and the Government is **ENJOINED** from transferring Petitioner Manuel Ariolfo Chuchuca-Cabrera from the District of New Mexico while these proceedings are pending.

**IT IS FURTHER ORDERED** that the USAO shall answer the Petition within ten (10) business days of entry of this Order and show cause, if any, why the Petition should not be granted.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE